IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2308-FL

| DELWOOD EARL SHELLY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

The matter now comes before the court on respondent's motion to dismiss (DE 10) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On September 16, 2004, petitioner was convicted following a jury trial in the Cumberland County Superior Court of two counts of first-degree murder and two counts of conspiracy to commit first-degree murder. State v. Shelly, 176 N.C. App. 575, 627 S.E.2d 287 (2006). Petitioner was sentenced to two consecutive life terms for the first-degree murder convictions and two consecutive terms of 220-273 months for the conspiracy to commit first-degree murder convictions. (Id.) Petitioner appealed his conviction and sentence. (Id.) On March 21, 2006, the North Carolina Court of Appeals found no error with respect to petitioner's convictions as to both counts of first-degree

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

murder and one count of conspiracy to commit first-degree murder. (Id. at 301). The court of appeals, however, vacated the trial court's judgment with respect to petitioner's conviction for the second count of first-degree murder. (Id.)

On May 30, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Cumberland County Superior Court. (Pet. (Id. Attach. pp. 3-11). On June 17, 2013, the superior court denied petitioner's MAR. (Resp't's Mem. Ex. 5). On April 21, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on May 5, 2014. (Id. Exs. 6, 8). On July 30, 2015, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court. (Id. Ex. 9). The supreme court dismissed petitioner's certiorari petition on November 5, 2015. (Id. Ex. 10).

On December 23, 2015,[2] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised eighteen separate grounds for relief, which are fully set forth in respondent's motion for summary judgment.[3] (Id. pp. 2-5). Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. Petitioner responded to the motion for summary judgment and attached a packet that he received from North Carolina Prisoner Legal Services ("NCPLS") captioned "A Guide to Post-Conviction Procedures for North Carolina Prisoners." (Resp. Attach.).

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated December 12, 2015, 2014, but filed on December 23, 2015, to be filed on December 12, 2015. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[3] Petitioner did not object to respondent's recitation of his claims.

2

**DISCUSSION**

A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.     Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was

3

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final.[4] The North Carolina Court of Appeals denied petitioner's appeal of his conviction on March 21, 2006. Petitioner then had 35 days, until April 25, 2006, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 654-655 (2012). Thus, petitioner's conviction became final on April 25, 2006, when his case became final for purposes of direct appellate review. Petitioner's one-year statutory period then began to run on April 25, 2006, and ran for 365 days until it expired on April 25, 2007. Because petitioner filed this action subsequent to the expiration of the statute of limitations, the action is time-barred.

---

[4] Although petitioner does not raise the issue, the court notes that he is not entitled to belated commencement of the limitation period under § 2244(d)(1)(D). The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003) (finding that the one-year statute of limitation began to run on the date petitioner's good-time credits were rescinded)). Here, petitioner's claims all are based on matters which occurred during the trial, or were within petitioner's personal knowledge at the time of the trial and appeal. Petitioner does not dispute this fact or present any evidence to establish otherwise.

Petitioner's May 30, 2013, MAR, and subsequent filings, do not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is

5

"appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner's equitable tolling argument is based solely on his contention that North Carolina Prisoner Legal Services ("NCPLS") did not provide him with advice as to the deadline or format for filing a petition for a writ of discretionary review with the North Carolina Supreme Court following his direct appeal. However, the post-conviction guide NCPLS provided petitioner specifically states that a criminal defendant may file a petition for a writ of discretionary review to the United States Supreme Court and that there is "no specific time limit for filing a Petition for Writ of Certiorari, but it must be filed without unreasonable delay." (Resp. Attach. p. 3). Accordingly, the record reflects that petitioner had notice of his ability to file a petition of discretionary review to the supreme court and that such petition must be filed without unreasonable delay. Thus, petitioner has not demonstrated the type of extraordinary circumstances necessary to justify equitable tolling.

To the extent petitioner contends that NCPLS did not provide him adequate assistance in filing any petition for a writ of certiorari, such contention also lacks merit. NCPLS attorneys are not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether or not to provide representation in a matter. Salters v. Butler, No. 5:06–CT–3073–H, 2006 WL 4691237, * 1 (E.D.N.C. Oct. 19, 2006), appeal dismissed, 214 F. App'x 267 (4th Cir. Jan. 24, 2007); see also, Zuniga v. Perry, No. 1:15CV35, 2015 WL 5159299, at *5 (Sept. 2, 2015) ("That NCPLS declines to represent some inmates does not deny prisoners meaningful access to the courts.") (citation omitted). Further, NCPLS provided petitioner with materials to assist him with pursuing post-conviction relief. (See Resp. Attach.). Finally, petitioner's legal inexperience is not a justification for equitable tolling. United States v. Sosa, 364

6

F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Based upon the foregoing, petitioner is not entitled to equitable tolling, and the action is time-barred.

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

7

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of November, 2016.

                                                     _____
                                                     LOUISE W. FLANAGAN
                                                     United States District Judge